```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

```
NICOLE L. WILLIAMS,              )
                                 )
        Plaintiff,               )
                                 )
vs.                              )    No. 09-2334-STA-tmp
                                 )
BEHAVIORAL SERVICES OF           )
TENNESSEE, INC., et al.,         )
                                 )
        Defendants.              )
                                 )
```

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
ORDER DIRECTING PLAINTIFF TO SIGN THE COMPLAINT
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR WAIVER OF RIGHT TO SUE
AND
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

On May 27, 2009, Plaintiff Nicole L. Williams, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The Court issued an order on July 30, 2009, that directed Plaintiff to file a properly completed in forma pauperis affidavit or pay the civil filing fee (D.E. 3), and Plaintiff filed an amended in forma pauperis affidavit and a declaration in support of her application to proceed in forma pauperis on August 7, 2009 (D.E. 4 & 5). Although the various documents submitted by Plaintiff are not entirely consistent, it appears that Plaintiff was, when he made these filings, unemployed

and without assets. Therefore, the motion for leave to proceed *in forma pauperis* is GRANTED.

On August 7, 2009, Plaintiff filed an amendment to her complaint as of right, which appears to be intended to supplement her original complaint. (D.E. 6.) Therefore, the operative pleading in this matter consists of the original complaint and the amendment. The Clerk shall record the defendants as Behavioral Services of Tennessee, Inc. ("BSTN"),[1] Carrie Peacock, Sandia Cea, and Carlos Gonzalez.[2]

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

>   (i)     is frivolous or malicious;
>
>   (ii)    fails to state a claim on which relief may be granted; or
>
>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted,

>   [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with

---

[1] Plaintiff has referred to the corporate defendant as "Behavior Service of Tennessee, Inc." and as "Behavioral Services of Tennessee, Inc." The correct name of this defendant is taken from its website. Http://bstn.org/contactus.shtml.

[2] Although the amendment uses the designation "et al." in the case caption, the Court will not speculate about the identity of any individual or entity Plaintiff intends to sue.

> their allegations that would entitle them to relief. . . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

<u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Minadeo v. ICI Paints</u>, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); <u>Savage v. Hatcher</u>, 109 F. App'x 759, 761 (6th Cir. 2004); <u>Coker v. Summit County Sheriff's Dep't</u>, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of <u>pro se</u> complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); <u>Foundation for Interior Design Educ. Research v. Savannah College of Art & Design</u>, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); <u>Mitchell v. Community Care Fellowship</u>, 8 F. App'x 512, 513 (6th Cir. 2001); <u>Lewis v. ACB Bus. Servs., Inc.</u>, 135 F.3d 389, 406 (6th Cir. 1998); <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of

legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

That a litigant is proceeding pro se or is a prisoner does not absolve her from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 . . . (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 . . . (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 . . . (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R.

Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Plaintiff cannot sue Defendants Peacock and Cea under Title VII. An employer is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). The Sixth Circuit has held that, despite the use of the term "agent" in the definition of "employer," individual coworkers or supervisors cannot be held liable under Title VII. Wathen v. General Electric Co., 115 F.3d 400, 405-06 (6th Cir. 1997). Therefore, the Court DISMISSES the Title VII claim against Defendants Peacock and Cea, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.[3]

The amendment also purports to sue all defendants under 42 U.S.C. § 1983 for violating Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution to due process and equal protection. (D.E. 6 at 3.) Forty-two U.S.C. § 1983 provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to

---

[3] The Court declines to dismiss the Title VII claim against Defendant Gonzalez on that ground sua sponte because the amendment alleges that he is the owner of the corporate defendant. (See D.E. 6 at 2.)

be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint does not allege that the conduct of BSTN, a private corporation, and its owner and employees, is fairly attributable to the State. Therefore, the Court DISMISSES the complaint against all defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to the extent it asserts a claim under 42 U.S.C. § 1983.

In her amendment, Plaintiff purports to sue all defendants under 42 U.S.C. § 1985, which prohibits conspiracies to deprive persons of certain civil rights on account of race. (D.E. 6 at 3.) Although the complaint does not specify which of the three subsections of § 1985 is at issue, Plaintiff must intend to rely on 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999); see also Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007).

"According to the intracorporate conspiracy doctrine, members of the same legal entity cannot conspire with one another as long as their alleged acts were within the scope of their employment." Jackson v. City of Columbus, 194 F.3d 737, 753 (6th Cir. 1999); see also Lindsey, 34 F. Supp. 2d at 644-45. The Sixth Circuit has applied this doctrine to claims brought pursuant to § 1985(3). See, e.g., Jackson, 194 F.3d at 753; Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839-40 (6th Cir. 1994) (collecting cases). The defendants are a corporation, its owner, and two employees, and the complaint does not allege that defendants acted outside the scope of their employment. Therefore, the Court DISMISSES the claim under 42 U.S.C. § 1985(3) against all defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has not signed the original complaint. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Rule also states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Plaintiff is ORDERED, within thirty (30) days after the date of entry of this order, to file a signed version of her complaint. Failure timely to comply with this requirement will result in the dismissal of the complaint, as amended, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Upon receipt of a signed copy of the original complaint, service will issue on Plaintiff's claims against Defendants BSTN and Gonzalez for race and sex discrimination under Title VII and for wrongful discharge.

On August 7, 2009, Plaintiff filed a motion, entitled "Motion for Waiver of Notice of Right to Sue." (D.E. 7.) The complaint alleges that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 7, 2009 (D.E. 1 at 2), and it does not appear that a right to sue letter had issued when she commenced this suit on May 27, 2009. In her motion, Plaintiff avers that her charge of discrimination was amended and no right to sue had been issued. On September 3, 2009, Plaintiff filed a notice that she returned to the EEOC on August 27, 2009, but no right to sue had issued at that time. (D.E. 8.)

Exhaustion of administrative remedies is a condition precedent to a Title VII action. Mayers v. Sedgwick Claims Mgmt. Servs., Inc., 101 F. App'x 591, 593 (6th Cir. 2004); Williams v. Northwest Airlines, Inc., 53 F. App'x 350, 351 (6th Cir. 2002); Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1031-32 (6th Cir. 1998); see also Mitchell v. Chapman, 343 F.3d 811, 819-20 (6th Cir. 2003) (ADA).[4] An aggrieved person in a deferral state such as

---

[4] The Sixth Circuit has previously sometimes described exhaustion as a prerequisite to a federal court's subject-matter jurisdiction. See, e.g., Weigel v. Baptist Hosp., 302 F.3d 367, 379 (6th Cir. 2002) ("'It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.'") (quoting Strouss v. Michigan Dep't of Corr., 250 F.3d 336, 342 (6th Cir. 2001)); Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) ("In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims,
(continued...)

Tennessee must file a formal charge of discrimination with the EEOC or the Tennessee Human Rights Commission within three hundred (300) days of the allegedly discriminatory action, 42 U.S.C. § 2000e-5(e)(1), and must commence a civil action within ninety (90) days of receipt of the right to sue letter, id., § 2000e-5(f)(1).

It is not clear whether Plaintiff is asking the Court to waive exhaustion as a condition precedent to bringing a Title VII suit or to waive the instruction in the form complaint to attach a copy of the right to sue letter. The Court has no power to waive a statutory condition precedent and, to the extent her motion asks the Court to do so, it is DENIED.

It would not be appropriate in this case to dismiss the complaint, sua sponte, for failure to obtain a right to sue letter. Almost eleven (11) months have elapsed since the filing of Plaintiff's EEOC charge, so it is likely that a right to sue letter has issued, or will soon issue. Therefore, the Court GRANTS Plaintiff's motion, insofar as she asks the Court to waive its requirement that a copy of the right to sue letter be attached to the complaint. NOTHING IN THIS ORDER PRECLUDES DEFENDANTS FROM MOVING TO DISMISS THE SUIT FOR FAILURE TO EXHAUST.

---

[4] (...continued)
the claimant must first unsuccessfully pursue administrative relief."). After the Supreme Court's decision in Arbaugh v. Y&H Corp., 546 U.S. 500, 509, 515-16 (2006), which held that Title VII's definition of an "employer" as limited to employers who have at least 15 employees, "is an element of Plaintiff's claim for relief, not a jurisdictional issue," the Sixth Circuit has relinquished its previous position that a failure to exhaust implicates subject-matter jurisdiction. Allen v. Highlands Hospital Corp., 545 F.3d 387, 400-02 (6th Cir. 2008) (ADEA); Bacon v. Honda of Am. Mfg, Inc., 192 F. App'x 337, 341 (6th Cir. 2006).

Plaintiff has also requested appointment of counsel. (D.E. 2.) Two statutes authorize a district court to appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[5] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some

---

[5] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

likelihood of merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989).[6] The Court is unable to conclude that Plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel.

The motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 30th day of March, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[6]   The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." <u>Id.</u>